Opinion
PRICE, P. J.
INTRODUCTION
Melinda Daugherty appeals from her conviction for violation of Vehicle Code section 21453, subdivision (a), failure to stop at a red signal. The alleged violation was captured by red light cameras installed and monitored pursuant to a contract between the City of Napa (the City) and Redflex Traffic Systems, Inc. (hereinafter Redflex), a provider of red light camera services for traffic enforcement agencies. Defendant contends (1) the City’s contract with Redflex is in violation of statute and that all photographic evidence should have been excluded from evidence and (2) if the evidence was properly admitted, the conviction was not supported by substantial evidence.
The court finds that the City’s contract with Redflex was in violation of statute. The contract included a “cost neutrality” provision that guaranteed the City would never be obligated to pay more to Redflex than it collects in fines; in effect, the compensation to Redflex is based on the number of citations issued, which is prohibited by statute. Nevertheless, the contract violation alone does not render the evidence inadmissible. Rather, the contract violation casts doubt on the presumed reliability of the photographic evidence, and the burden therefore shifts to the People to prove its accuracy. At trial, the People met this burden and the trial court did not err in admitting the photographic evidence relied upon in support of the conviction. Substantial evidence supported the conviction. The conviction, therefore, is affirmed.
FACTUAL AND PROCEDURAL BACKGROUND
Defendant was cited for failure to stop at a red signal in violation of Vehicle Code section 21453, subdivision (a). The citation was generated through the City’s red light photo enforcement system operated by Redflex. Defendant requested a court trial at which she appeared through an attorney who presented argument and evidence, including expert testimony and a copy of the City’s contract with Redflex, on her behalf. The People presented their case through evidence and testimony presented by Officer John Brandt of the Napa Police Department. At the conclusion of the trial, the trial court found defendant’s guilt had been proven beyond a reasonable doubt. Defendant was convicted of the Vehicle Code violation and this appeal ensued.
*Supp. 4 DISCUSSION
1. The City’s contract with Redflex is in violation of statute.
During trial, defendant presented as evidence the City’s contract with Redflex, the contractor that provides red light camera services for the City of Napa. Section 1 of exhibit B, “Payment Provisions,” to the contract provides that the City will pay a specified fixed monthly fee for each designated intersection. However, section 1.2 entitled “Cost Neutrality” provides, “Cost neutrality is assured to City—City will never be required to pay Redflex more than actual cash received.” Section 1.2 goes on to describe a process whereby the City is obligated to pay Redflex monthly “to the extent of gross cash received by the City.”
Defendant contends these payment provisions are in violation of Vehicle Code section 21455.5, subdivision (g)(1), which provides, “A contract between a governmental agency and a manufacturer or supplier of automated enforcement equipment may not include provision for the payment or compensation to the manufacturer or supplier based on the number of citations generated, or as a percentage of the revenue generated, as a result of the use of the equipment authorized under this section.” (Italics added.)
This court agrees with defendant that the contract’s cost neutrality provision improperly based the City’s payment to Redflex on the number of citations generated, at least to the extent there are not enough citations generated to cover the fixed fee in a given month. The contract implies that any outstanding balance unpaid in a given month due to a deficit of citations will be rolled over to invoices for subsequent months. However, that cumulative balance obligation is still limited “to the extent of gross cash received by the City” and, therefore, may never have to be paid if an insufficient number of citations are issued.[1]
To illustrate, if only one citation was issued every month for the period of the contract, Redflex would never receive the full monthly payment it would otherwise receive if there were sufficient citations issued to cover the monthly fixed fee. In other words, Redflex’s receipt of full payment is dependent on *Supp. 5 the issuance of a sufficient number of citations. The more citations issued, the more Redflex will receive, up to the cap. That type of arrangement has been prohibited by the Legislature’s broad prohibition of payments based on the number of citations generated, and cannot be upheld.
The court finds that the Redflex contract violates Vehicle Code section 21455.5. Because the statute itself does not specify any consequence if a contract violates the section, the court must determine the effect that the unlawful contract has on the admissibility of evidence in this case.
2. The contract violation alone does not render the Redflex evidence inadmissible.
In its original opinion before rehearing, which has since been vacated, the court concluded that, “[b]ecause the City’s contract with Redflex is in violation of Vehicle Code section 21455.5, the court finds that the evidence from the Redflex system was inadmissible to prove defendant’s violation.” After rehearing and with the benefit of full briefing from both parties, the court now concludes otherwise.
A statute violation does not render evidence inadmissible unless the statute so provides or there is a constitutional basis for exclusion. “Except as otherwise provided by statute, all relevant evidence is admissible.” (Evid. Code, § 351.) “ ‘Where a statute . . . does not specifically provide that evidence shall be excluded for failure to comply with said statute and there are no constitutional issues involved . . . such evidence is not inadmissible. Statutory compliance or non-compliance merely goes to the weight of the evidence.’ ” (People v. Sangani (1994) 22 Cal.App.4th 1120, 1137 [28 Cal.Rptr.2d 158], italics omitted, quoting People v. Adams (1976) 59 Cal.App.3d 559, 566-567 [131 Cal.Rptr. 190].) Moreover, pursuant to Proposition 8, “Right to Truth in Evidence,” approved by the voters in 1982, the exclusion of relevant evidence in a criminal case is barred unless otherwise compelled by the federal Constitution. (Cal. Const., art. I, § 28, subd. (d); People v. Williams (2002) 28 Cal.4th 408, 415 [121 Cal.Rptr.2d 854, 49 P.3d 203].)
There being no constitutional basis to exclude the Redflex evidence in this case, it is not rendered inadmissible simply because the contract violated the Vehicle Code. The statute violation does, however, affect the burden of producing evidence as described below.
3. The contract violation affects the burden of producing evidence and the People met this burden.
A photograph is a writing that must be properly authenticated before being received into evidence. (Evid. Code, §§ 250, 1401.) A photograph or *Supp. 6 other writing may be authenticated by “the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is . . . .” (Evid. Code, § 1400.) Defendant timely objected to the trial court’s receipt of the incident photographs into evidence in this matter.[2] On appeal, the trial court’s receipt of the evidence over defendant’s objection is reviewed for abuse of discretion. (People v. Goldsmith (2011) 193 Cal.App.4th Supp. 1, 5 [122 Cal.Rptr.3d 110].)
Evidence Code section 1553 establishes an evidentiary presumption that digital photographs are an accurate representation of the images they purport to represent.[3] Under this statute, defendant had the initial “burden of producing evidence casting doubt on the accuracy or reliability of the photographs . . . .” (People v. Goldsmith, supra, 193 Cal.App.4th at p. Supp. 6.) If defendant met this burden, the burden of proving that the photographs were in fact accurate representations shifted to the People.
The court finds defendant met her Evidence Code section 1553 burden of casting doubt on the reliability of the photographs by presenting evidence that the contract between the City and Redflex unlawfully allowed payments to be based in effect on the number of citations generated and, thus, provided some financial incentive to Redflex to provide the City more photographed incidents from which citations could be generated. Because the cost neutrality clause violated the statute and provided direct financial incentive for Redflex to manipulate the photographs before forwarding them to the City, the trial court could not properly presume the accuracy of the photographs without evidence provided by the People proving their accuracy by a preponderance of the evidence.
From a review of the electronic recording of the trial, it is clear the trial court did not rely on the evidentiary presumption of Evidence Code section 1553, but rather carefully reviewed the evidence to determine adequate authentication. The evidence offered by the People to show that the photos were accurate included the testimony of Officer Brandt, who had been trained *Supp. 7 on the Redflex system, regarding the operational design of the Redflex photo enforcement system. Specifically, he testified that the cameras are activated based on the speed of the vehicle as it crosses a sensor, that there are three cameras capturing images and videos, that the images are transmitted to Redflex through a secured network, that a Redflex employee edits the images as necessary for picture quality, but that the editing is limited to cropping and zooming, that the photos are monitored by separate Redflex employees for quality, and that there is monthly maintenance of the image capture system. The officer further testified that he had personally audited a number of incidents, including one incident that occurred at the subject light within a week of defendant’s incident, and found the information transmitted from Redflex to be accurate. This type of officer testimony has been found sufficient to provide the foundation necessary to demonstrate the reliability of red light enforcement photographs, without reliance on the section 1553 presumption of accuracy. (See People v. Goldsmith, supra, 193 Cal.App.4th at p. Supp. 6.)
The difference between the instant case and the Goldsmith case is that defendant herein challenged the reliability of the photographs based in part on the cost neutrality provision and Redflex’s resulting financial incentive to manipulate them prior to sending the photographs to the City for issuance of citations. In Goldsmith, the defendant did not provide any evidence casting doubt on the accuracy or reliability of the photographs. The specific question before this court then is whether the trial court abused its discretion in finding the People’s evidence sufficient to prove by a preponderance of the evidence that the photographs of defendant’s alleged violation were not materially altered by Redflex. “ ‘Preponderance of the evidence’ means evidence that has more convincing force than that opposed to it.” (CALJIC No. 2.50.2.)
In this case, the evidence that the images were not materially altered by Redflex is fairly minimal, i.e., that Redflex’s operational protocol was to edit the images only for picture quality enhancement, that a separate employee reviews the photos for quality control, and that the incidents personally audited by the officer were accurate. However, when compared to the opposing evidence, which was simply that Redflex had some financial incentive to doctor the images, this court is unable to find an abuse of discretion by the trial court in finding the evidence of accuracy more convincing than the evidence to the contrary. Thus, there was no reversible error in the trial court’s determination that the photographs were adequately authenticated or in the receipt of the photographs into evidence.
4. Substantial evidence supports the conviction.
Defendant also contends there was insufficient evidence to support the conviction because the testifying police officer could not provide testimony as *Supp. 8 to the accuracy of the time stamping in the Redflex system on the date of the alleged violation. Instead, the officer testified that, within a week of the violation at issue in this case, he had personally taken note of the approximate time of a red light violation at the subject intersection and compared it to the time provided by Redflex for that violation. This evidence, argues defendant, is insufficient in light of the defense expert testimony that synchronization of the Redflex servers to an atomic clock has been known to fail from time to time, and that the expert had personally viewed one of the cameras at the subject intersection disassembled just a few days prior to the incident in question.
When a criminal defendant challenges the sufficiency of the evidence, this court must “review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.” (People v. Johnson (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738].)
In providing its ruling, the trial court in this case did admit the time stamping of the photographic evidence. Whether or not the time-stamped photographs alone were sufficient to support the conviction, the video evidence served to fill any gaps regarding sequencing, since, as noted by the trial court, a simple visual review of the video makes it abundantly clear that defendant did not stop as she drove through the subject intersection, which had been red for a notable period before she passed the limit line. Although the officer testified in response to questioning by defense counsel that accurate time stamping was essential for determining guilt from still video images not displayed in sequence, the evidence in the record in this case included the sequential video images from which it is clear defendant did not stop.
In considering the record as a whole in the light most favorable to the judgment below, as the court is required to do, this court finds the conviction is, in fact, supported by substantial evidence.
CONCLUSION
The Redflex contract’s cost neutrality provision violated the Vehicle Code prohibition against basing compensation on the number of citations issued. Evidence exclusion, however, is not permitted simply because of the statutory violation. Rather, the proper consequence is to preclude the People from relying on the Evidence Code section 1553 presumption of accuracy and to instead shift the burden to the People to prove by a preponderance of *Supp. 9 the evidence that the photographs are accurate representations. The People met that burden in this case. Because the trial court properly authenticated the photographic evidence, and the finding of guilty was supported by substantial evidence, defendant’s conviction is affirmed.
Price, P. J.[4]

 The People allege, by declaration on appeal, that the cost neutral fee arrangement has never been triggered because the revenues generated by citations have well exceeded the City’s fixed fee obligation to Redflex in every month, proving that no citations have been improperly issued for the purpose of generating sufficient revenue to meet the fixed fee threshold. This evidence was not part of the trial record and cannot be considered. Even if it were properly part of the record, the court must interpret the contract as it is written, not as it is implemented. Moreover, that a sufficient number of citations has been issued to meet the threshold simply does not evidence the propriety of their issuance.

 Although defendant did not object to the receipt of the video footage into evidence, the video evidence alone, without the photographic evidence identifying defendant as the driver of the vehicle, is insufficient to support the conviction. Thus, the court must analyze whether the photographic evidence was properly authenticated.

 Evidence Code section 1553 provides, “A printed representation of images stored on a video or digital medium is presumed to be an accurate representation of the images it purports to represent. This presumption is a presumption affecting the burden of producing evidence. If a party to an action introduces evidence that a printed representation of images stored on a video or digital medium is inaccurate or unreliable, the party introducing the printed representation into evidence has the burden of proving, by a preponderance of evidence, that the printed representation is an accurate representation of the existence and content of the images that it purports to represent.”

 Pursuant to Code of Civil Procedure section 77, subdivision (h), “appeals from convictions of traffic infractions may be heard and decided by one judge of the appellate division of the superior court.”